# IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| ENVIRONMENTAL DEFENSE FUND and ENVIRONMENTAL INTEGRITY PROJECT, | ) ) ) ) | |
| *Petitioners*, | ) ) | |
| v. | ) ) | No. 26-1096 |
| LEE ZELDIN, Administrator, U.S. ENVIRONMENTAL PROTECTION AGENCY, and U.S. ENVIRONMENTAL PROTECTION AGENCY, | ) ) ) ) ) ) | |
| *Respondents*. | ) | |

## UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE

Petitioners respectfully move the Court to hold this case in abeyance while respondent Environmental Protection Agency ("EPA" or "Agency") considers final action on the remainder of the 2025 proposed rule and Petitioners' recently submitted petition for administrative reconsideration, thereby facilitating the timely and efficient adjudication of all issues related to the agency action. Undersigned counsel has conferred with counsel for Respondents; Respondents do not oppose this motion.

1

**BACKGROUND**

EPA's Greenhouse Gas Reporting Program, codified at 40 C.F.R. part 98, requires certain entities to annually report their greenhouse gas emissions by "March 31 of each calendar year for [greenhouse gas] emissions in the previous calendar year[.]" 40 C.F.R. § 98.3(b); *see also id.* § 98.5(a)-(b). On September 16, 2025, EPA proposed a rule repealing reporting obligations for all sectors except the petroleum and natural gas sector, for which the Agency proposed suspending reporting for ten years. *Reconsideration of the Greenhouse Gas Reporting Program*, 90 Fed. Reg. 44591 (proposed Sept. 16, 2025). In that action, EPA also proposed extending the reporting deadline for reporting year 2025 ("RY2025") to June 10, 2026. *Id.* at 44600. On February 27, 2026, EPA published the final rule at issue here, which extended the RY2025 reporting deadline to October 30, 2026, but took no other action on the broader proposed rule. *Extending the Reporting Deadline Under the Greenhouse Gas Reporting Rule for 2025*, 91 Fed. Reg. 9712 (Feb. 27, 2026) ("Extension Rule"). In the Extension Rule, the Agency states that "EPA anticipates addressing the remainder of the proposed rule in one or more subsequent final actions." *Id.*

Petitioners filed a protective petition for review of the Extension Rule. Simultaneously, Petitioners, along with other organizations, filed a petition for

administrative reconsideration of the Extension Rule, pursuant to the Clean Air

Act. 42 U.S.C. § 7607(d)(7)(B).

### ARGUMENT

Petitioners respectfully request that the Court hold the petition for review in

abeyance while Respondents address the remainder of the proposed rule and

review the pending petition for administrative reconsideration.

This Court has the inherent authority to hold proceedings in abeyance to

manage its docket in the interest of judicial economy. *See, e.g.*, *Landis v. N. Am.*

*Co.*, 299 U.S. 248, 254 (1936). A court may hold a proceeding in abeyance while

waiting on the outcome of another matter that may modify or affect it and render

judicial review unnecessary. *Id.* That power is routinely exercised to temporarily

defer judicial review of agency action while an agency is engaged in further

administrative proceedings, including in the Clean Air Act context. *See, e.g.*, *Am.*

*Petroleum Inst. v. EPA*, 683 F.3d 382, 387 (D.C. Cir. 2012) (abeyance pending

agency's related administrative proceedings under prudential ripeness doctrine);

*Sierra Club v. EPA*, 884 F.3d 1185, 1191 (D.C. Cir. 2018) (petitions for review

held in abeyance pending EPA's reconsideration).

Abeyance is warranted here because EPA's action on the remainder of the

proposed rule and the petition for reconsideration will inform how this litigation

should proceed. Related issues stemming from the same proposed rule would be

best resolved in a single judicial proceeding alongside any later related actions, thereby promoting efficient and orderly judicial review.

Moreover, this request will not prejudice any party. EPA's final action on the remainder of the proposed rule may alter or obviate the issues to be litigated. Likewise, a grant of reconsideration may obviate the need for further litigation of issues raised by Petitioners. If EPA denies reconsideration, Petitioners have the right to petition for review of that action. Further, the Extension Rule remains in effect, so the delay would not alter its implementation or harm parties complying with it. *See Devia v. Nuclear Regulatory Comm'n*, 492 F.3d 421, 427-28 (D.C. Cir. 2007).

**CONCLUSION**

For the foregoing reasons, Petitioners respectfully request that the Court hold this case in abeyance. Following EPA's final action on the remainder of the proposed rule, Petitioners request that the Court order the parties to submit motions to govern future proceedings within 30 days. Petitioners further request that the Court order EPA to file reports every 60 days concerning the status of the ongoing administrative proceedings.

DATED: May 26, 2026

Respectfully submitted,

*/s/ Abel Russ*
Abel Russ
Environmental Integrity Project
888 17th St. NW, Suite 810
Washington, DC 20006
aruss@environmentalintegrity.org

*Counsel for Environmental Integrity Project*

*/s/ Edwin LaMair*
Edwin LaMair
Leah Fattor
Rosalie Winn
Peter Zalzal
Environmental Defense Fund
2060 Broadway, Ste. 300
Boulder, CO 80302
(303) 447-7214
elamair@edf.org
lfattor@edf.org
rwinn@edf.org
pzalzal@edf.org

Keri Davidson
Donahue, Goldberg, Herzog & Davidson
1008 Pennsylvania Ave. SE
Washington, DC 20003
keri@donahuegoldberg.com

*Counsel for Environmental Defense Fund*

## CERTIFICATE OF COMPLIANCE

I hereby certify that on this 26th day of May 2026, that the foregoing motion contains 684 words and was composed in Times New Roman font, 14-point. The motion complies with all applicable type-volume and typeface requirements.

*/s/ Edwin LaMair*
Edwin LaMair

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May 2026, I have served the foregoing Non-binding Statement of Issues on registered counsel through the court's electronic filing system (ECF).

*/s/ Edwin LaMair*
Edwin LaMair